UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| ASHLEY E. ALDEN, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:10-cv-00316-GZS |
| | ) | |
| OFFICE FURNITURE DISTRIBUTORS | ) | |
| OF NEW ENGLAND, INC., | ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON MOTION FOR SANCTIONS**
**(Doc. No. 29)**

Plaintiff Ashley Alden has moved for discovery related sanctions[1] pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure because of an alleged failure by Defendant to provide the information required in initial disclosures under Rule 26(a) or Rule 26(e)(1) or (2). The two categories of information that Alden seeks to have excluded from use at summary judgment and at trial pursuant to Rule 37 are (1) the testimony and a written report of Kenneth Edwards, a private investigator hired by Defendant, and (2) extremely limited information taken from the laptop computer that Ashley Alden used when employed by Defendant. I now deny the motion as to both items for the following reasons.

---

[1] This motion was filed without prior approval of the court and without any good-faith conference with opposing counsel, apparently. Counsel's explanation was that he called the clerk's office and was told he could file the motion (of course, anyone can always file any motion). Legal advice from the clerk's office does not override Local Rule 26(b). A motion such as this one should be brought to the attention of the magistrate judge and leave obtained to file it. See Nationwide Payment Solutions, LLC v. Plunkett, 2:09-cv-600-GZS, 2010 WL 3609787 ("[P]laintiff's counsel has properly noted that Defendant's Motion violates Federal Rule of Civil Procedure 37(a)(1) (by failing to certify that he has conferred in good faith or attempted to confer with Plaintiff regarding the requested disclosure) and District of Maine Local Rule 26(b) ('No written discovery motions shall be filed without the prior approval of a judicial officer. A party with a discovery dispute must confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute.')"). The meet and confer obligation is especially important in a case such as this one, where the litigation history contains no hint of discovery abuses or repeated efforts to obtain information.

## Rule 37(c) Sanctions

The Federal Rules of Civil Procedure provide the "basic framework" regarding the conduct of discovery. Harriman v. Hancock County, 627 F.3d 22, 29 (1st Cir. 2010). Rule 26 requires a party, without awaiting a discovery request, to "provide to the other parties ... the name ... of each individual likely to have discoverable information-along with the subjects of that information-that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). That obligation is a continuing one. See Fed. R. Civ. P. 26(e)(1)(A) (requiring a party to supplement its disclosure promptly "if the party learns that in some material respect the disclosure or response is incomplete or incorrect.").

A party's failure to comply with these obligations can have severe consequences. Rule 37 authorizes the trial court to impose sanctions, up to and including dismissal of the action. Although sanctions can vary depending on the circumstances, "[t]he baseline rule is that 'the required sanction in the ordinary case is mandatory preclusion.'" Santiago-Diaz v. Laboratorio Clinico Y De Referencia Del Este, 456 F.3d 272, 276 (1st Cir. 2006) (quoting Lohnes v. Level 3 Commc'ns, Inc., 272 F.3d 49, 60 (1st Cir. 2001)); see Fed. R. Civ. P. 37(c)(1) (providing that if a party fails to disclose under Rule 26, that "party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial."). However, the mandatory preclusion can be mitigated in those cases where the failure to disclose was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1). Additional factors that the court considers in determining whether to impose sanctions in a particular case are the history of the litigation, the late disclosure's impact on the district court's docket, and the sanctioned party's need for the precluded evidence. Harriman, 627 F.3d at 29.

**1.     Kenneth Edwards's testimony and report**

Kenneth Edwards is a private investigator hired by Defendant to conduct a surveillance of Plaintiff during two days toward the end of her employment in March, 2010. His report, such as it is, is found in the summary judgment record at docket number 28-5. The report identifies Edwards by name and as a private investigator. It indicates that on two separate days Edwards arrived at Alden's home and followed her movements during the course of the business day. Defendant says this report was in Alden's personnel file and that it provided the file to plaintiff's counsel as part of the initial disclosures. During the telephonic conference on this motion, plaintiff's counsel did not deny that it may have been in the personnel file, but he never received an interrogatory answer or a list, as part of the initial disclosures, which specifically identified Edwards by name. However, plaintiff's counsel does concede that by March 4, 2011, two weeks prior to the close of discovery, he became formally aware, through supplemental disclosures, that Defendant intended to rely upon Edwards's testimony and/or report as part of its defense.

At this point plaintiff's counsel could have, and should have, requested a conference with the court to address this tardy disclosure, if it was a tardy disclosure, of Edwards's existence. Lesser sanctions, such as requiring the defendant to pay for the cost of the deposition, might have been considered. Indeed, during this very time period, on March 10, 2011, *after* plaintiff's counsel was fully aware of the relevance of Edwards to the case, the parties did have a discovery conference about scheduling two other depositions. No mention was made of the allegedly tardy disclosure regarding Edwards or of the need to depose Edwards and Defendant's alleged failure to produce him voluntarily. (Defendant maintains that Edwards was not their employee and that Plaintiff would have had to subpoena him to a deposition because he had indicated to them that he would not appear at their request.) In any event, that dispute was never brought to me for

3

resolution and plaintiff's counsel ultimately decided, for whatever reason, that he did not wish to pursue any additional discovery, even though I had indicated I would allow a brief extension of discovery to attend to delayed depositions and tardy written discovery served by Plaintiff to which Defendant's responses were not yet due. (See Doc. No. 22.)

This case boils down in large measure to a dispute about Anne Tortorella's decision to terminate Plaintiff. According to Tortorella she had credible evidence that Plaintiff had misrepresented her whereabouts and that she was not making sales calls on various businesses outside the immediate Augusta area on the dates and times when she said she was making those calls. At the time she began this lawsuit, Alden understood she was terminated because she allegedly was "caught lying and her numbers were not high enough." (Compl., ¶ 17.)

The history of this litigation shows that the parties were given from October 18, 2010, until March 18, 2011, to complete discovery. Apparently, initial disclosures were timely made by November 12, 2010. Plaintiff served written discovery on November 19, 2010, and received incomplete and unsatisfactory answers on January 7, 2011. (Mot. to Compel, Doc. No. 17.) Rather than purse that dispute with the magistrate judge pursuant to the required procedure under District of Maine Local Rule 26(a), plaintiff's counsel filed an unauthorized motion to compel on February 8, 2011, which, through clerical oversight, simply sat on the docket awaiting full briefing until March 8, 2011, when *defendant's* counsel contacted the court to request a telephone conference regarding the scheduling of two depositions by Plaintiff. Upon my review of the docket in response to the request for a telephone conference, I discovered the unauthorized motion to compel, which plaintiff's counsel voluntarily withdrew when advised of his error. (Doc. No. 22.) I made a slight adjustment to the discovery schedule in order to allow for the scheduling of the two depositions and to allow Plaintiff to obtain the answers to a second round

of written discovery she had served on Defendant less than thirty days prior to the discovery deadline and to provide time to respond to a subpoena duces tecum that Plaintiff had served on a non-party. No mention was made of Edwards.

The only other discovery of which I have specific knowledge is that Defendant took Ashley Alden's deposition on February 18, 2011. Significantly, at that deposition mention was made of the private investigator observing her home on March 4, 2010. (Doc. No. 28-13, p. 10.) Thus, it is apparent from the record evidence that plaintiff's counsel knew of the existence of this witness well before the March 4, 2011, supplemental disclosure that he concedes he received and well before the telephone conference on March 10, 2011.

Rule 37 sanctions are serious business and I do not hesitate to impose them when the record reflects that a party has failed to disclose a witness or evidence to opposing counsel. If the tardy disclosure will significantly impact the scheduling order or the other party's ability to properly respond to the use of the evidence in the motion or at trial, then the tardy disclosure cannot be considered harmless. It is the obligation of Defendant, the party facing sanctions for belated disclosure, to show that its failure to comply with the Rule by not filing its supplemental disclosure until March 4, 2011, was harmless and deserving of some lesser sanction other than mandatory exclusion. Wilson v. Bradlees of New England, 250 F.3d 10, 21 (1st Cir. 2001).

Defendant has met its burden in this case. It is abundantly clear that plaintiff's counsel knew of the private investigator no later than February 18, fully one month prior to the end of discovery. It is also likely the report was in the personnel file that was disclosed in November. Plaintiff's counsel's failure to pursue this obvious line of inquiry, central to the allegations in this case, should not result in the imposition of Rule 37 sanctions against Defendant because of the "tardy" formal supplemental disclosure made on March 4, 2011. The delay in formally listing

the investigator as a potential witness was harmless within the meaning of Rule 37. Cruz-Vazquez v. Mennonite Gen. Hosp., Inc., 613 F.3d 54, 58 n.1 (1st Cir. 2010) ("[I]n the absence of harm to a party, a district court may not invoke the severe exclusionary penalty provided for by Rule 37(c)(1).") Edwards's testimony, while central to the allegations in this case, is neither complex nor a surprise to anyone. Any delay in closing the discovery period in order to arrange for his deposition would have caused no greater delay and disruption to this court's scheduling order than the delay necessitated by briefing this motion.

**2.      Information from Ashley Alden's laptop computer**

Defendant indicates that the only information from Ashley Alden's employer-issued laptop that they intend to offer is evidence that a particular e-mail message was found on her laptop and that the message had been opened, presumably by Alden, prior to her termination. According to Defendant, this e-mail message only became an issue at Alden's deposition where she denied ever having seen the message before being presented with it at the deposition. Assuming that Defendant is somehow able to prove through admissible evidence that the e-mail message was on Alden's laptop and had been opened prior to her termination, it appears to me that such evidence would be proper impeachment evidence if Alden denies at trial that she ever saw the e-mail prior to her deposition. As impeachment evidence, it is not subject to initial disclosure pursuant to Rule 26(a)(1)(A)(i). If viewed as something other than impeachment evidence, the relevance of this particular factoid would only reasonably have become apparent to Defendant after Alden denied ever seeing the e-mail at her deposition and, thus, its late disclosure as a supplemental disclosure is substantially justified within the meaning of Rule 37. If Plaintiff had sought additional discovery vis-à-vis access to the hard drive and review of the

information on the laptop, I would have granted it in some form, but that request was never made.

Nothing in this ruling suggests that information regarding the laptop's hard drive content is necessarily admissible at trial. The trial court would have to separately consider the admissibility of the form of the evidence offered by Defendant and a number of evidentiary objections might be asserted. However, the evidence is not excluded by operation of Rule 37 sanctions, the only issue raised by this motion.

*So Ordered.*

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed.R.Civ.P. 72.

*So Ordered.*

| | |
|---|---|
| May 9, 2011 | /s/ Margaret J. Kravchuk<br>U.S. Magistrate Judge |